UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WALTER W. BLANCK,**

       **Plaintiff,**

  v.                                                                     Case No. 07-C-0276

**FEDERAL BUREAU OF INVESTIGATION,**
**BUD HALL, GERRY MAGNUSON and AL NESS,**

       **Defendants.**[1]

## DECISION AND ORDER

Plaintiff, Walter W. Blanck, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before me are the following applications: (1) plaintiff's petition to proceed in forma pauperis; (2) plaintiff's two motions to appoint counsel; and (3) plaintiff's motion for order.

### I. IFP PETITION AND SCREENING

**A.    Motion to Proceed IFP**

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

---

[1] The docket identifies defendants as "Bud Wall" and "Greg Magnuson." Closer inspection of the complaint, however, reveals that defendants' names are "Bud Hall" and "Gerry Magnuson." (Complaint at 2). Therefore, the docket will be amended accordingly.

average monthly balance in his trust account for the six-month period immediately preceding the filing of the complaint.[2]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $62.40. Thus, plaintiff will be permitted to proceed in forma pauperis. The balance of the filing fee will be collected as set forth below.

**B.     Screening**

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### 1. Background

An initial comment is necessary with respect to the complaint in this action. The complaint was filed on March 21, 2007, in three installments. However, plaintiff subsequently filed several attachments to the complaint and numerous additional documents elaborating on the complaint allegations, including pieces of evidence and various memoranda. In the interest of fairness to plaintiff, I will review all documents on file when screening this case pursuant to 28 U.S.C. § 1915A(a).

Plaintiff is currently incarcerated at Green Bay Correctional Institution. Defendant Bud Hall is the Supervisor of the Milwaukee Federal Bureau of Investigation (FBI). Defendants Gerry Magnuson and Al Ness are FBI Agents. The complaint also names the FBI as a defendant.

The story behind this case begins in 1975, when plaintiff began working for the FBI, the CIA and the ATF. During 1975, defendant Hall tested "life-altering" chemicals on plaintiff to develop him for FBI use. Defendants Magnuson and Ness put these chemicals into coffee cups that they gave to plaintiff while he was sitting in an agency vehicle.

In November, 1975, plaintiff was taken to see a rogue ATF Agent named Ed Truxa. Agent Truxa used plaintiff as an informant in a case involving a Milwaukee gun store.

Then, in 1976, Agent Truxa took plaintiff to an ATF agency meeting in Waukesha County, where he was introduced to George Bush, Sr. During the meeting, plaintiff was told to get handgun and rifle shooting samples for Agent Truxa. Plaintiff was given a written examination and subjected to various "indoctrinations."

At some point, plaintiff was asked to assassinate presidential candidate Jimmy Carter. To assist him in this endeavor, Agent Truxa gave plaintiff Jimmy Carter's travel itinerary which showed that the presidential candidate was staying at the Pfister Hotel. Plaintiff refused to follow Agent Truxa's orders, which made plaintiff a danger because he knew the individuals responsible for planning the assassination.

Sometime later, on October 4, 1990, plaintiff was arrested in Illinois for kidnaping Annalisa Holewski. At trial, plaintiff attempted to argue that he was innocent and that he was set-up by various federal agencies. However, McHenry County Circuit Court Judge Henry Cowlin misled the media and the court by saying that plaintiff was delusional. Plaintiff was ultimately convicted and sentenced to 73 years confinement.

Plaintiff served part of his sentence in Illinois. However, his conviction was reversed in 1994. Thereafter, criminal charges were brought against him in Waukesha County Circuit Court. See State v. Blanck, Waukesha County Circuit Court Case No. 97-CF-237. Plaintiff is currently serving a sixty-seven year prison sentence following his conviction for false imprisonment, kidnaping, sexual assault and other related crimes.

As applicable to this case, the complaint asserts that defendants, in collusion with George Bush, Sr., and his supporters, obstructed justice and defrauded the court in plaintiff's criminal trials because they wanted to keep him in prison to discredit him and bury their misconduct. Specifically, FBI Agent Dan Craft pressured the FBI to prosecute plaintiff to tie up loose ends and to conceal plaintiff's contact with the CIA and George Bush, Sr. Additionally, plaintiff submits that Annalisa Holewiski obstructed justice, perjured herself and refused to authorize the full release of her psychological history.

Plaintiff charges defendants with malicious prosecution and violating his rights under the First, Fourth, Fifth, Sixth, Eighth and Thirteenth Amendments. Additionally, plaintiff states that he has petitioned the FBI to release the names and dosages of the chemicals administered in 1975 and 1976, but his requests have been denied.

For relief, plaintiff asks for appointment of counsel and requests that the FBI turn over information about its chemical testing program. Additionally, he asks for $60 million in damages.

**2. Analysis**

The complaint advances two types of claims. First, plaintiff wishes to pursue claims that defendants FBI, Hall, Magnuson and Ness violated his constitutional rights and sought to maliciously prosecute him. Second, plaintiff seeks judicial review of the FBI's refusal to disclose records pertaining to its chemical development program.

### A. Bivens Claims

Although plaintiff filed this action pursuant to 42 U.S.C. § 1983, which creates a cause of action against state actors, the only named defendants are federal actors. Considering plaintiff's pro se status, the complaint will be liberally construed as arising under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which holds that damages for civil rights violations are available when those rights are violated by federal officials. For screening purposes, however, this distinction is immaterial because "federal courts incorporate § 1983 law into Bivens actions." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir.2000) (per curiam).

Plaintiff charges defendants with malicious prosecution and violating his rights under the First, Fourth, Fifth, Sixth, Eighth and Thirteenth Amendments. As a preliminary matter, it appears that these claims are barred under the statute of limitations. Notably, Congress did not specify a federal statute of limitations for Bivens actions. Instead, in such cases, courts look to the personal injury statute of limitations of the state where the alleged injury occurred. Wilson v. Garcia, 471 U.S. 261, 280 (1985); Delgado-Brunet v. Clark, 93 F.3d 339, 342 (7th Cir. 1996).

In Wisconsin, the statute of limitations for personal injury lawsuits is 6 years. Wis. Stat. § 893.53; Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997); Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989). This period begins to run when a reasonable person knew or should have known of the facts supporting the claim. See Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997). Although a statute of limitations is an affirmative defense that a plaintiff is not required to "anticipate or plead around" in his complaint, see Leavell v. Kieffer, 189 F.3d 492, 494 (7th Cir. 1999), a plaintiff may plead himself out of court if he alleges facts that conclusively demonstrate that his claim is time-barred. See Small v. Chao, 398 F.3d 894, 898

(7th Cir. 2005); Kauthar SDN BHD v. Stemberg, 149 F.3d 659, 670 n. 14 (7th Cir. 1988)(collecting cases)(cert. denied, 525 U.S. 1114 (1999)).

By his own allegations, plaintiff's claim about the FBI's chemical program involves events that occurred in 1975 and 1976. Similarly, his criminal trials, at which plaintiff alleges he was maliciously prosecuted, occurred in 1991 and 1997. Notably, plaintiff makes a vague assertion that the statute of limitations does not apply because it took defendants 30 years to respond to his request for information. (See Pl.'s Letter of May 1, 2007). This argument only supports a finding that plaintiff's Bivens claims are time-barred because he acknowledges that he has been aware of the facts supporting such claims for 30 years. As a result, plaintiff's Bivens claims are subject to dismissal under 28 U.S.C. § 1915A(b)(1). See Okoro v. Bohmar, 164 F.3d 1059, 1063 (7th Cir. 1999)("The term 'frivolous' is used to denote not only a claim that is wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained."). However, dismissal of plaintiff's Bivens claims is warranted on another ground.

Plaintiff avers that defendants, acting with the ATF, CIA, George Bush, Sr. and the victim, violated his constitutional rights and sought to maliciously prosecute him to bury their chemical testing program. Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as claims describing fantastic or delusional scenarios. Neitzke, 490 U.S. 319, 327 (1989). A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," whether or not there are judicially noticeable facts to contradict them. Denton v. Hernandez, 504 U.S. 25 (1991). "Sometimes...a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no

evidentiary hearing to determine their truth or falsity." Gladney v. Pendleton, 302 F.3d 773, 774 (7th Cir. 2002); see also Laveau v. Snyder, 89 Fed. Appx. 654 (7th Cir. Dec. 16, 2003)(holding that allegations of a surveillance device that can read minds are frivolous because they are fantastic and delusional). Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir. 1994)(quoting Denton, 504 U.S. at 33))(A complaint is frivolous is "the facts alleged rise to the level of the irrational or the wholly incredible.").

In this case, plaintiff's Bivens claims stand as a textbook example of frivolity. Taken in combination with the fact that plaintiff has requested leave to proceed in forma pauperis, I will dismiss these claims as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(1).

### B. FOIA Claim

Next, plaintiff has asked defendants to provide him with documents from his FBI files. Inasmuch as he seeks judicial review of a federal agency's decisions to deny his request for information, plaintiff's claim properly arises under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA).

As a preliminary matter, it appears that plaintiff sees to assert a FOIA claim against all defendants. Federal agencies are the proper parties in FOIA litigation, 5 U.S.C. § 552(a)(4)(B), and the FOIA does not create a cause of action against employees of a federal agency. Petrus v. Brown, 833 F.2d 581, 582 (5th Cir. 1987). Therefore, plaintiff's FOIA claim will be dismissed as to defendants Hall, Magnuson and Ness. I turn now to plaintiff's FOIA claim against the FBI.

The FOIA was enacted to maintain an open government and to ensure the existence of an informed citizenry as well as to "check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). It is to be construed broadly to provide the public with information in accordance with its purposes, and the exemptions from production are to be construed narrowly. United

States Dep't of Justice v. Julian, 486 U.S. 1, 8 (1988). The dispositive question in a FOIA request is whether the information helps to produce an "informed citizenry" and whether the request falls under any specific exemption to the FOIA. See Robbins Tire, 437 U.S. at 242.

To state a cause of action under FOIA, a plaintiff must allege that defendants have improperly withheld agency records within the scope of FOIA. Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). Generally, a FOIA requester does not have to justify or explain his reason for making a request. See, e.g., NARA v. Favish, 541 U.S. 157, 172 (2004), cert. denied, 486 U.S. 1043 (1988). However, subject matter does not exist, even for a claim arising under federal law, where the allegations in the complaint are so frivolous as to be insubstantial. Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1316-17 (7th Cir. 1997)(a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous); LaSalle Nat'l Trust, N.A., v. ECM Motor Co., 76 F.3d 140, 143 (7th Cir. 1996)(federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit). Moreover, a "nonsense request" may be appropriately disregarded as outside the scope of the FOIA. Lamb v. IRS, 871 F. Supp. 301, 304 (E.D. Mich. 1994); see also Burr v. Huff, 112 Fed. Appx. 537 (7th Cir. Oct. 14, 2004)(affirming dismissal of FOIA claim as frivolous under § 1915A where requester believed that the FBI had records of her or a bomb threat investigation initiated by an NFL player).

In the present case, plaintiff requests that the court "order the FBI of Mil. WI to turn over its 2 main files on [plaintiff] of this heinous chemical program and demand the FBI to turn over the names and dosages of these FBI 'Developing Chemicals' they used[.]" Plaintiff's contention that release of his FOIA records will disclose the information he seeks is factually

frivolous. Therefore, I will dismiss plaintiff's FOIA claim for lack of jurisdiction. See Turner, 11 F.3d at 1317; LaSalle, 76 F.3d at 1043.

However, if plaintiff believes that the FBI improperly withheld other agency records within the scope of FOIA, he may re-file a request for judicial review of the agency's refusal to disclose such records. Such request must be filed on or before **December 28, 2007.** Plaintiff may not use this as an opportunity to add additional claims unrelated to the original complaint. The opportunity is allowed for the sole purpose of permitting plaintiff to obtain judicial review of the FBI's denial of his FOIA requests.

## II. MOTIONS TO APPOINT COUNSEL

Plaintiff filed a motion to appoint counsel on April 6 and July 10, 2007. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). This court is authorized to request, but not to compel, an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). "When confronted with a request under 28 U.S.C. § 1915(e)(1) for pro bono counsel, a district court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 2007 U.S. App. LEXIS 23109, *17 (7th Cir. Oct. 3, 2007)(rehearing en banc)(citing Farmer v. Haas, 990 F.2d 319, 321-22 (7th Cir. 1993)). If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Jackson, 953 F.2d at 1073.

In this case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Moreover, at this stage of the proceedings, he has failed to state any claims for relief. Therefore, I will deny plaintiff's motions to appoint counsel.

-10-
Case 2:07-cv-00276-LA   Filed 12/21/07   Page 10 of 13   Document 72

### III. MOTION FOR ORDER

On July 31, 2007, plaintiff filed a motion requesting that Magistrate Judge Patricia J. Gorence be recused from this case. As grounds for his request, plaintiff states: (1) that Judge Gorence made an adverse decision against him in his petition for writ of habeas corpus, Blanck v. Bertrand, 02-C-0290 (E.D. Wis.); (2) he does not want a magistrate judge overseeing his case; and (3) he was not advised that his case would be transferred to Judge Gorence.

Plaintiff has not shown that recusal is warranted by 28 U.S.C. § 144 or 28 U.S.C. § 455(a), which requires that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." And, adverse rulings in a judicial proceeding are not proof of bias or prejudice and do not constitute grounds for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994)(citing United States v. Grinnell, 384 U.S. 563, 583 (1966)).

Further, Judge Gorence is no longer assigned to the case because the parties refused to consent to magistrate jurisdiction under 28 U.S.C. § 636(c). As a result, plaintiff's case has been transferred to this court for disposition. Hence, I will deny plaintiff's motion to recuse Judge Gorence as moot.

As a final matter, plaintiff has requested that the court issue an order preventing prison officials from transferring him out of Green Bay Correctional Institution. Inasmuch as plaintiff asks that defendants be ordered to refrain from performing a certain act, I construe his request as one for injunctive relief. The standards for a temporary restraining order and preliminary injunction are identical. When considering whether to grant a temporary restraining order or preliminary injunction, the court must first consider "whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits; and (2) no adequate remedy at law and irreparable harm if preliminary relief is denied." Aircraft Owners

& Pilots Ass'n v. Hinson, 102 F.3d 1421, 1424-25 (7th Cir. 1996) (internal citations omitted). If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: (3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied; and (4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties. Id.

In the present case, plaintiff does not claim that he lacks an adequate remedy at law. Indeed, plaintiff may use the Inmate Complaint Review System to file complaints about prison conditions. Moreover, because plaintiff has failed to state any claims for relief, he cannot demonstrate a reasonable likelihood of success on the merits. Therefore, plaintiff's request for injunctive relief will be denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the docket shall be amended to reflect that the names of defendants "Bud Hall" and "Greg Magnuson" are properly spelled "Bud Wall" and "Gerry Magnuson."

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket # 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's request for appointment of counsel (Docket #10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for appointment of counsel (Docket #29) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for order (Docket #45) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief (Docket # 38) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's <u>Bivens</u> claims are **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as lacking any arguable basis in law.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $287.60 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that plaintiff may re-file a request for judicial review of the agency's refusal to disclose such records if he believes that the FBI improperly withheld other agency records within the scope of FOIA. Such request must be filed on or before **December 28, 2007.**

Dated at Milwaukee, Wisconsin, this 20th day of December, 2007.

s/Lynn Adelman
LYNN ADELMAN
District Judge
