UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTER W. BLANCK,

    **Plaintiff,**

    v.                          Case No. 07-C-0276

**FEDERAL BUREAU OF INVESTIGATION,**
**BUD HALL, GERRY MAGNUSON, and AL NESS,**

    **Defendants.**

### DECISION AND ORDER

    Plaintiff, Walter W. Blanck, was allowed to proceed pro se in this case on a claim predicated on the Freedom of Information Act (FOIA). In a decision and order signed March 16, 2009, I granted defendants' motion for summary judgment, and judgment was entered the same day. Plaintiff has filed a "Motion to Reconsider, and, or, Motion to Appoint Counsel," which is before me now.

    In his motion, plaintiff states that is disabled by the "heinous" actions of the Milwaukee FBI and that he cannot fight the full weight of the FBI on his own. Plaintiff further states that he was drugged by the Milwaukee FBI agents and refers to two of the documents defendants filed under seal "as some proof of FBI drugging Blanck." He asks the court to "please appoint counsel so Blanck can bring proper action v. Mil. FBI for violating my civil rights . . . ."

    There is not a "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b). Motions filed pursuant to Rule 59(e) must be filed within ten days of the date of entry of the judgment. Fed. R. Civ. P.

59(e). Here, judgment was entered dismissing this action on March 16, 2009, and plaintiff's motion was received by the court on March 24, 2009, within ten days. Therefore, plaintiff's motion is properly considered under Rule 59(e).

A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), is appropriate on three grounds only: newly discovered evidence; an intervening change in the controlling law; or a manifest error of law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro, 91 F.3d at 876; Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). The purpose of the rule is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." Prince, 85 F.3d at 324.

To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997).

2

Nothing in plaintiff's pleading suggests newly discovered evidence or a manifest error of law or fact. In fact, plaintiff's motion does not even address the sufficiency of the FBI's search in response to plaintiff's FOIA request, the only issue in this case.[1] Plaintiff has also submitted two other filings to the court since his motion. He describes these filings as proof of the "bad faith" of the FBI in its dealings with him, but none of this information is relevant to plaintiff's FOIA claim.[2]

Plaintiff has also requested the appointment of counsel. In the March 16, 2009, decision and order granting defendants' motion for summary judgment, I denied plaintiff's most recent request for the appointment of counsel. Plaintiff now provides some evidence of his attempts to obtain counsel on his own, which was just one of the reasons I denied plaintiff's motion to appoint counsel at that time. I also determined that the presence of counsel would not likely make a difference in the outcome of this case; plaintiff has not presented any evidence or argument to cause me to reconsider this determination. Moreover, because this case is closed and I am denying plaintiff's motion to alter or amend the judgment, plaintiff's motion to appoint counsel is moot.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to reconsider and/or motion to appoint counsel (Docket #197) is **DENIED**.

---

[1] The civil rights claim plaintiff references in his motion was dismissed at screening, in a decision and order dated December 20, 2007.

[2] Plaintiff also requests a telephone conference. I will deny plaintiff's request because a telephone conference is not necessary in this case.

Dated at Milwaukee, Wisconsin, this 6 day of April, 2009.

/s_____
LYNN ADELMAN
District Judge